```
_____FILED    _____ENTERED
_____LODGED   _____RECEIVED

        JUN 21 2006      ES

              AT SEATTLE
        CLERK U.S. DISTRICT COURT
   BY   WESTERN DISTRICT OF WASHINGTON
                              DEPUTY
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAIKOIYO ALLEY-BARNES,

        Plaintiff,

    v.

GREG W. SACKMAN, BRIAN M. HUNT,
KEVIN M. JONES, JOHN M. SMITHIES,
COURTNEY E. HARRIS, GIL
KERLIKOWSKE, individually and in his
official capacity, and THE CITY OF
SEATTLE, a municipal corporation,

        Defendants.

No. **CV06  0882** TSZ

King County Superior Court
Cause No. 06-2-18363-1 SEA

VERIFICATION OF STATE
COURT RECORDS

## VERIFICATION

The undersigned hereby declares the following:

1. The undersigned are counsel of record for Defendants City of Seattle, Chief Gil Kerlikowske.

2. Pursuant to CR 101(b), attached are true and correct copies of all records and proceedings in the Superior Court of King County, Washington in the above-entitled action, Cause No. 06-2-18363-1 SEA:

06-CV-00882-MISC

**ORIGINAL**

VERIFICATION OF STATE
COURT RECORDS- 1
3019-New 9418?

**STAFFORD FREY COOPER**
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101-1374
TEL 206.623.9900  FAX 206.624.6885

| Exhibit | Document |
|---------|----------|
| 1 | Summons and Complaint |
| 2 | Order Setting Civil Case Schedule |
| 3 | Notice of Appearance Defendant City of Seattle and Chief Gil Kerlikowske |
| 4 | Confirmations of Service |
| 5 | Plaintiff's Amended Complaint |
| 6 | King County Superior Court docket |

DATED this 22st day of June, 2006.

STAFFORD FREY COOPER

By: _____
Ted Buck, WSBA #22029
Kim Tran, WSBA #29734
Attorneys for Defendants City of Seattle and
Chief Gil Kerlikowske

VERIFICATION OF STATE
COURT RECORDS- 2
3019-New   94187

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1

<u>Certificate of Service</u>

2      The undersigned certifies under the penalty of perjury according to the laws of
the United States and the State of Washington that on this date I caused to be served in
3 the manner noted below a copy of this document entitled VERIFICATION OF STATE
COURT RECORDS on the following individual(s):

4 Fred Diamondstone, WSBA #7138
710 Second Avenue, Suite 700
5 Seattle, WA 98104
206/568-0082
6 FAX: 206/568-1683
        *Attorney for Plaintiff*

7
[ ]  Via Facsimile
8 [ ]  Via First Class Mail
[X] Via Messenger

9
      DATED this 21 day of June, 2006, at Seattle, Washington.
10

11

12                                     Suzy Windes

13

14

15

16

17

18

19

20

21

22

23

VERIFICATION OF STATE
COURT RECORDS- 3
3019-New  94187

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

<u>Exhibit 1</u>
Verification of State Court Records
Maikoiyo Alley-Barnes v. City of Seattle, et al.

RECEIVED

2006 JUN -5  PM 2: 59

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

IN THE SUPERIOR COURT OF WASHINGTON
FOR KING COUNTY

MAIKOIYO ALLEY-BARNES,

                          *Plaintiff,*

      v.

GREG W. SACKMAN, BRIAN M. HUNT,
KEVIN M. JONES, JOHN M. SMITHIES,
COURTNEY E. HARRIS, GIL
KERLIKOWSKE, individually and in his
official capacity, and THE CITY OF
SEATTLE, a municipal corporation,
                        Defendants.

NO. 06-2-18363-1 SEA

SUMMONS

(20 Days)

**TO:   THE CITY OF SEATTLE, and its agents, departments, officers, employees, and
volunteers.**

    1. A lawsuit has been started against you in the above-entitled court by plaintiff.
Plaintiff's claim is stated in the written Complaint, a copy of which is served upon you with
this Summons.

    2. In order to defend against this lawsuit, you must respond to the Complaint by
stating your defense in writing, and serving a copy upon the person signing this Summons
within 20 days after the service of this Summons, excluding the day of service, or a default
judgment may be entered against you without notice. A default judgment is one where the
plaintiff is entitled to what is asked for because you have not responded. If you serve a
notice of appearance on the undersigned person, you are entitled to notice before a default
judgment may be entered.

    3. You may demand that the plaintiff file this lawsuit with the court. If you do so,
the demand must be in writing and must be served upon the person signing this Summons.
Within 14 days after you serve your demand, the plaintiff must file this lawsuit with the
court, or the service on you of this Summons and Complaint will be void.

SUMMONS TO CITY OF SEATTLE - 1

**Fred Diamondstone**
ATTORNEY AT LAW
710 Second Avenue, # 700
Seattle WA 98104
(206) 568-0082
(206) 568-1683 FAX

1    4. If you wish to seek the advice of a lawyer in this matter, you should do so promptly so that your written response, if any, may be served on time.

2    5. This Summons is issued pursuant to Rule 4 of the Civil Rules for Superior Court
3    of the State of Washington.

4

5    DATED this 23 day of May, 2006.

6

7                                        LAW OFFICES OF
                                         FRED DIAMONDSTONE
8

9

10                                       Fred Diamondstone, WSBA No. 7138
                                         Attorney for Plaintiff Alley-Barnes
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SUMMONS TO CITY OF SEATTLE - 2

**Fred Diamondstone**
ATTORNEY AT LAW
710 Second Avenue, # 700
Seattle WA 98104
(206) 568-0082
(206) 568-1683 FAX

RECEIVED

2006 JUN -5 PM 2: 59

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE. WA

IN THE SUPERIOR COURT OF WASHINGTON
FOR KING COUNTY

MAIKOIYO ALLEY-BARNES,

                Plaintiff,

    v.

GREG W. SACKMAN, BRIAN M. HUNT,
KEVIN M. JONES, JOHN M. SMITHIES,
COURTNEY E. HARRIS, GIL
KERLIKOWSKE, individually and in his
official capacity, and THE CITY OF
SEATTLE, a municipal corporation,
                Defendants.

NO. 06-2-18363-1 SEA

SUMMONS

(20 Days)

**TO:** **GIL KERLIKOWSKE, individually and in his official capacity as Chief of the Seattle Police Department**

    1. A lawsuit has been started against you in the above-entitled court by plaintiff. Plaintiff's claim is stated in the written Complaint, a copy of which is served upon you with this Summons.

    2. In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and serving a copy upon the person signing this Summons within 20 days after the service of this Summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where the plaintiff is entitled to what is asked for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

    3. You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this Summons. Within 14 days after you serve your demand, the plaintiff must file this lawsuit with the court, or the service on you of this Summons and Complaint will be void.

    4. If you wish to seek the advice of a lawyer in this matter, you should do so promptly so that your written response, if any, may be served on time.

**Fred Diamondstone**
ATTORNEY AT LAW
710 Second Avenue, # 700
Seattle WA 98104
(206) 568-0082
(206) 568-1683 FAX

SUMMONS TO GIL KERLIKOWSKE - 1

1    5.  This Summons is issued pursuant to Rule 4 of the Civil Rules for Superior Court
2  of the State of Washington.

3        DATED this 23 day of May, 2006.

4

5
                                         **LAW OFFICES OF**
6                                        **FRED DIAMONDSTONE**

7

8                                        _____
9                                        Fred Diamondstone, WSBA No. 7138
                                         Attorney for Plaintiff Alley-Barnes
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Fred Diamondstone**
ATTORNEY AT LAW
710 Second Avenue, # 700
Seattle WA 98104
(206) 568-0082
(206) 568-1683 FAX

RECEIVED

2006 JUN -5 PH 2: 58

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

IN THE SUPERIOR COURT OF WASHINGTON
FOR KING COUNTY

MAIKOIYO ALLEY-BARNES,

                Plaintiff,

    v.

GREG W. SACKMAN, BRIAN M. HUNT,
KEVIN M. JONES, JOHN M. SMITHIES,
COURTNEY E. HARRIS, GIL
KERLIKOWSKE, individually and in his
official capacity, and THE CITY OF
SEATTLE, a municipal corporation,

                Defendants.

NO. 06 - 2 - 18363 - 1 SEA

COMPLAINT FOR DAMAGES

Plaintiff Maikoiyo Alley-Barnes, through his attorney, Fred Diamondstone, alleges:

**I.    PARTIES**

1.1.   <u>Plaintiff.</u> Plaintiff Maikoiyo Alley-Barnes is a resident of Seattle, King
County, Washington.

1.2.   <u>Defendant Greg M. Sackman.</u> Defendant Greg M. Sackman was employed by
the City of Seattle as a police officer at all times material to this case. He is a resident of the
State of Washington. All of his actions in this case were in the course and scope of his duties
as a Seattle police officer. Defendant Sackman is sued in his individual capacity.

1.3.   <u>Defendant Brian M. Hunt.</u> Defendant Brian M. Hunt was employed by the
City of Seattle as a police officer at all times material to this case. He is a resident of the

COMPLAINT FOR DAMAGES - 1

**Fred Diamondstone**
ATTORNEY AT LAW
710 Second Avenue, # 700
Seattle WA 98104
(206) 568-0082
(206) 568-1683 FAX

1   State of Washington. All of his actions in this case were in the course and scope of his duties

2   as a Seattle police officer. Defendant Hunt is sued in his individual capacity.

3       1.4.   Defendant Kevin M. Jones. Defendant Kevin M. Jones was employed by the

4   City of Seattle as a police officer at all times material to this case. He is a resident of the

5   State of Washington. All of his actions in this case were in the course and scope of his duties

6   as a Seattle police officer. Defendant Jones is sued in his individual capacity.

7       1.5   Defendant John M. Smithies. Defendant John M. Smithies was employed by

8   the City of Seattle as a police officer at all times material to this case. He is a resident of the

9   State of Washington. All of his actions in this case were in the course and scope of his duties

10  as a Seattle police officer. Defendant Smithies is sued in his individual capacity.

11      1.6.   Defendant Courtney E. Harris. Defendant Courtney E. Harris was employed

12  by the City of Seattle as a police officer at all times material to this case. He is a resident of

13  the State of Washington. All of his actions in this case were in the course and scope of his

14  duties as a Seattle police officer. Defendant Harris is sued in his individual capacity.

15      1.7.   Defendant Gil Kerlikowske. Defendant Gil Kerlikowske was employed by

16  the City of Seattle as the Chief of Police of the City of Seattle at all times material to this

17  case. He is a resident of the State of Washington. All of his actions in this case were in the

18  course and scope of his duties as Chief of Police of the City of Seattle. Defendant

19  Kerlikowske is a policy-maker for the City of Seattle. Defendant Kerlikowske is sued in his

20  individual and in his official capacity.

21      1.8.   Defendant City of Seattle. Defendant City of Seattle is a municipal

22  corporation organized under the laws of the State of Washington.

23              **II.   JURISDICTION AND VENUE**

24      2.1   Jurisdiction. This Court has personal and subject matter jurisdiction.

25

26

COMPLAINT FOR DAMAGES - 2

**Fred Diamondstone**
ATTORNEY AT LAW
710 Second Avenue, # 700
Seattle WA 98104
(206) 568-0082
(206) 568-1683 FAX

1      2.2.  <u>Claim for Damages</u>. A Claim for Damages against the City of Seattle, and

2  naming all individual defendants, was properly filed with the City Clerk on January 12, 2006.

3  More than 60 days have elapsed since the Claim was filed.

4      2.3.  <u>Venue</u>. Venue is properly in King County Superior Court.

5      2.4.  <u>Case Assignment Area</u>. This case involves events which occurred in the City

6  of Seattle and the case is properly assigned to the Seattle case assignment area.

7  **III.   FACTS**

8      3.1  <u>Facts:</u>  On April 13, 2005, as Plaintiff was leaving a club in the Capitol Hill

9  neighborhood of Seattle, he and other members of his party encountered Seattle police

10  Sergeant Greg M. Sackman. Sgt. Sackman had positioned himself near the entrance to the

11  club and was surveilling the club entrance, the club interior and the doorman. As Mr. Alley-

12  Barnes' party left, one individual, Thomas Gray, sought to engage Sgt. Sackman in a greeting,

13  but Defendant Sackman was not receptive. Mr. Gray, Mr. Barnes and a third member of

14  their party simply departed, but Mr. Gray dropped some item on the ground. In response to a

15  statement from Sgt. Sackman, Mr. Gray picked up the item, but he was not permitted to leave

16  the scene by Sgt. Sackman. Sgt. Sackman then undertook an "investigation" and ultimately

17  charged Mr. Gray with the offense of littering, notwithstanding the fact that he had picked up

18  the item following the Sergeant's comment. As the sergeant proceeded with his

19  "investigation," Plaintiff Alley-Barnes calmly questioned Defendant Sackman. Plaintiff Alley-

20  Barnes observed the littering investigation proceed from a short distance. Plaintiff did not

21  threaten, nor interfere.  Shortly thereafter, a second police vehicle arrived, apparently in

22  response to a request for backup from Defendant Sackman. The second police vehicle was

23  operated by Defendant Brian M. Hunt. At the time that Officer Hunt arrived, Defendant

24  Sackman directed Mr. Gray to turn and place his hands on Sgt. Sackman's police vehicle.

25  Upon Officer Hunt's arrival, Sgt. Sackman directed Defendant Hunt to "get that one, too,"

26  indicating Plaintiff. Defendant Hunt then immediately grabbed with excessive force and

COMPLAINT FOR DAMAGES - 3

**Fred Diamondstone**
ATTORNEY AT LAW
710 Second Avenue, # 700
Seattle WA 98104
(206) 568-0082
(206) 568-1683 FAX

1   assaulted Plaintiff. Defendant Hunt escalated the force used and directly applied excessive

2   and unreasonable physical force in a painful way to Plaintiffs groin area and genitals.  Soon

3   thereafter, other police officers arrived and Defendants Jones, Smithies and Harris all used

4   excessive physical force and assaulted Plaintiff Alley-Barnes.  The excessive force inflicted

5   substantial and visible injuries to Plaintiffs head and face:

6

7



8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   Plaintiff suffered other injuries, as well.  After Plaintiff was taken into custody, one of the

25   arresting officers commented that the incident occurred as a result of Plaintiffs "mouth."

26

COMPLAINT FOR DAMAGES - 4

**Fred Diamondstone**
ATTORNEY AT LAW
710 Second Avenue, # 700
*Seattle WA 98104*
(206) 568-0082
(206) 568-1683 FAX

1  Yet the subsequent police investigation established that Plaintiff used a calm voice in his

2  dialogue with Sgt. Sackman.

3      3.2      Additional Facts.  Upon arrival at the East Precinct of the Seattle Police

4  Department, Defendant Hunt assaulted Plaintiff a second time by shoving him against a wall

5  in the vehicle sally port area.  A blood smear was left on the wall.

6      3.3      Charges and Acquittal.  As a cover-up for their use of excessive force,

7  Defendants Sackman, Hunt and Jones initiated the process of arresting and charging Plaintiff

8  for obstruction and assault.  These charges were initiated without merit or probable cause.

9      3.4      Prior Histories of Misconduct.  Defendants Sackman, Hunt and Jones had

10  previously been the subjects of other complaints of misconduct and Sgt. Sackman had

11  previously engaged in other reckless conduct which resulted in injury to another officer.

12      3.5      Failures to Train and Discipline.  Defendant Chief Kerlikowske has failed to

13  follow recommendations from Seattle police auditor, Katrina Pflaumer to train police officers

14  to prevent minor incidents from escalating into major confrontations as recommended by

15  police auditor Pflaumer in her reports covering the period January through September 2004

16  and October 2004 through March 2005.  Prior to Ms. Pflaumer's recommendations, the

17  previous auditor, former Judge Terrence Carroll, also suggested action be taken with respect

18  to police overreaction.  The failure of Defendant Kerlikowske to follow these repeated

19  recommendations, including recommended training for de-escalation techniques, represents a

20  policy decision by Defendants Kerlikowske and the City of Seattle to allow police officers

21  and first line supervisors to escalate minor incidents, such as Mr. Gray's littering incident,

22  into major police confrontations involving the use of force, which proximately caused the

23  Plaintiff's damages in this case.  Additionally, Defendant Kerlikowske has failed to follow

24  recommendations for discipline up the chain of command through the process of internal

25  investigation by the Office of Professional Accountability, which has also encouraged police

26

COMPLAINT FOR DAMAGES - 5

**Fred Diamondstone**
ATTORNEY AT LAW
710 Second Avenue, # 700
Seattle WA 98104
(206) 568-0082
(206) 568-1683 FAX

1 | lawlessness. These actions by Police Chief Kerlikowske are also customs, practices and
2 | policies of the City of Seattle with respect to allowing a level of police brutality to occur.

3 |      3.6    Dismissal of Charges Against Plaintiff. Ultimately, as a result of the failure
4 | to provide exculpatory evidence by the City of Seattle and Seattle Police officials, together
5 | with the presentation of testimony at trial which could not be controverted due to the
6 | withholding of evidence by Seattle Police officials, including Seattle Police Legal Advisor
7 | Leo Poort, the Seattle Municipal Court ultimately dismissed the assault and obstruction
8 | charges against Plaintiff Alley-Barnes.

9 |      3.7    Agency. The actions of Defendants Sackman, Hunt, Jones, Smithies, Harris
10 | and Kerlikowske, as well as those City officials and employees who withheld evidence, were
11 | all carried out by these individuals as employees of the City of Seattle, within the scope of
12 | employment. At all times Defendants Sackman, Hunt, Jones, Smithies, Harris and
13 | Kerlikowske and the officials who withheld exculpatory evidence were acting as agents of
14 | the City of Seattle.

15 |      3.8    Injuries and Damages.  As a proximate result of the facts alleged above,
16 | Plaintiff suffered physical injuries from the beating, false arrest and incarceration during the
17 | morning hours of April 13, 2005 and further damages including emotional distress and
18 | attorneys' fees incurred to respond in court and obtain the dismissal of the charges.

19 | **IV.   CAUSES OF ACTION**

20 |      4.1   First Cause of Action. Defendants Sackman, Hunt, Jones, Smithies, Harris
21 | and the City of Seattle are liable to Plaintiff for the tort of assault.

22 |      4.2   Second Cause of Action. Defendants Sackman, Hunt, Jones and the City of
23 | Seattle are liable to Plaintiff for the tort of false arrest.

24 |      4.3   Third Cause of Action. Defendant City of Seattle is liable to Plaintiff for the
25 | tort of malicious prosecution.

26 |

COMPLAINT FOR DAMAGES - 6

**Fred Diamondstone**
ATTORNEY AT LAW
710 Second Avenue, # 700
Seattle WA 98104
(206) 568-0082
(206) 568-1683 FAX

1    4.4    Negligent Training and Supervision. Defendants Kerlikowske and the City of

2    Seattle are liable for the damages which resulted due to their negligence in training and

3    supervising police officers, including but not limited to Defendants Sackman and Hunt.

4    4.5    Civil Rights Violations. Defendants Sackman, Hunt, Jones, Smithies and

5    Harris are liable to Plaintiff for the violation of his civil rights proximately resulting from

6    excessive force in violation of the Fourth and Fourteenth Amendments.

7    4.6    Civil Rights Violations. Defendant Kerlikowske is liable to Defendant for the

8    failure to adequately train and supervise and discipline police officers, including Defendants

9    Sackman and Hunt. To the extent that Defendant Kerlikowske's actions were with callous

10    indifference or reckless disregard to the rights of Plaintiff and similarly situated individuals,

11    Defendant Kerlikowske is liable for punitive damages.

12    4.7    Civil Rights Violations. The City of Seattle is liable to Plaintiff for violation

13    of Plaintiff's civil rights to the extent that the failure to train, supervise and discipline police

14    officers is a policy, practice or custom of the City of Seattle.

15    WHEREFORE,  Plaintiff prays for the following relief:

16    A.    Damages and punitive damages in an amount to be proven at trial. Plaintiff

17    seeks punitive damages against all defendants other than the City of Seattle;

18    B.    Costs and reasonable attorney's fees; and

19    C.    Such other and further relief as the Court deems just and proper.

20    DATED this  23   day of May, 2006.

21    LAW OFFICES OF
      FRED DIAMONDSTONE

22

23

24    Fred Diamondstone, WSBA No. 7138

25    Attorney for Plaintiff

26

COMPLAINT FOR DAMAGES - 7

Fred Diamondstone
ATTORNEY AT LAW
710 Second Avenue, # 700
Seattle WA 98104
(206) 568-0082
(206) 568-1683 FAX

<u>Exhibit 2</u>
Verification of State Court Records
Maikoiyo Alley-Barnes v. City of Seattle, et al.

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR THE COUNTY OF KING

| | | |
|---|---|---|
| MAIKOIYO ALLEY-BARNES | | NO.  06-2-18363-1    SEA |
| | | Order Setting Civil Case Schedule (*ORSCS) |
| | **Plaintiff(s)** | |
| VS | | |
| GREG SACKMAN, ET AL | | ASSIGNED JUDGE  Erlick                    51 |
| | | FILE DATE:                        06/05/2006 |
| | **Defendant(s)** | TRIAL DATE:                    11/19/2007 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (*Schedule*) on the Defendant(s) along with the *Summons and Complaint/Petition.* Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the *Summons and Complaint/Petition* or (2) service of the Defendant's first response to the *Complaint/Petition*, whether that response is a *Notice of Appearance*, a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

_____          _____
          Print Name                              Sign Name

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] --
especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for
attorneys and parties to pursue their cases vigorously from the day the case is filed. For example,
discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties,
claims, and defenses, for disclosing possible witnesses [*See KCLR 26*], and for meeting the discovery
cutoff date [*See KCLR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of $200 must be paid when any answer that includes additional claims is filed in an existing
case.

**SHOW CAUSE HEARINGS FOR CIVIL CASES [King County Local Rule 4(g)]**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the
deadline in the schedule. A review of the case will be undertaken to confirm service of the original
complaint and to verify that all answers to claims, counterclaims and cross-claims have been filed. If
those mandatory pleadings are not in the file, a *Show Cause Hearing* will be set before the Chief Civil or
RJC judge. The Order to Show Cause will be mailed to all parties and designated parties or counsel are
required to attend.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior
Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this
*Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the
parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any
pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a
*Notice of Settlement* pursuant to KCLR 41, and forwarding a courtesy copy to the assigned judge. If a final
decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of
Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLR 41(b)(2)(A) to
present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of
Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office,
parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to
mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and
cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain
an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must
pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of
$250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court
Clerk must send notice of non-compliance of schedule requirements and/or Local Rule 41.

**King County Local Rules are available for viewing at www.metrokc.gov/kcscc.**

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Mon 06/05/2006 | * |
| Confirmation of Service [See KCLR 4.1]. | Mon 07/03/2006 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$220 arbitration fee must be paid** | Mon 11/13/2006 | * |
| DEADLINE to file Confirmation of Joinder if not subject to Arbitration. [See KCLR 4.2(a) and Notices on Page 2]. **Show Cause hearing will be set if Confirmation is not filed, or if the Confirmation does not have all signatures, or if all answers have not been filed, or judgment on default has not been filed, or Box 2 is checked.** | Mon 11/13/2006 | * |
| DEADLINE for Hearing Motions to Change Case Assignment Area. [See KCLR 82(e)] | Mon 11/27/2006 | |
| DEADLINE for Disclosure of Possible Primary Witnesses [See KCLR 26(b)]. | Mon 06/18/2007 | |
| DEADLINE for Disclosure of Possible Additional Witnesses [See KCLR 26(b)]. | Mon 07/30/2007 | |
| DEADLINE for Jury Demand [See KCLR 38(b)(2)]. | Mon 08/13/2007 | * |
| DEADLINE for Setting Motion for a Change in Trial Date [See KCLR 40(e)(2)]. | Mon 08/13/2007 | * |
| DEADLINE for Discovery Cutoff [See KCLR 37(g)]. | Mon 10/01/2007 | |
| DEADLINE for Engaging in Alternative Dispute Resolution [See KCLR 16(c)]. | Mon 10/22/2007 | |
| DEADLINE for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLR 16(a)(4)]. | Mon 10/29/2007 | |
| DEADLINE to file Joint Confirmation of Trial Readiness [See KCLR 16(a)(2)] | Mon 10/29/2007 | * |
| DEADLINE for Hearing Dispositive Pretrial Motions [See KCLR 56; CR 56]. | Mon 11/05/2007 | |
| Joint Statement of Evidence [See KCLR 16(a)(5)]. | Tue 11/13/2007 | * |
| Trial Date [See KCLR 40]. | Mon 11/19/2007 | |

### III. ORDER

Pursuant to King County Local Rule 4 [KCLR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this Order Setting Civil Case Schedule and attachment on all other parties.

DATED:   06/05/2006

PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

READ THIS ORDER PRIOR TO CONTACTING YOUR ASSIGNED JUDGE

This case is assigned to the Superior Court Judge whose name appears in the caption of this *Schedule.* The assigned Superior Court Judge will preside over and manage this case for all pre-trial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

The following procedures hereafter apply to the processing of this case:

**APPLICABLE RULES:**

a. Except as specifically modified below, all the provisions of King County Local Rules 4 through-26 shall apply to the processing of civil cases before Superior Court Judges.

**CASE SCHEDULE AND REQUIREMENTS:**

A. Show Cause Hearing: A Show Cause Hearing will be held before the Chief Civil/Chief RJC judge if the case does not have confirmation of service on all parties, answers to all claims, crossclaims, or counterclaims as well as the confirmation of joinder or statement of arbitrability filed before the deadline in the attached case schedule. All parties will receive an *Order to Show Cause* that will set a specific *date and time for the hearing. Parties and/or counsel who are required to attend will be named in the order.*

B. Pretrial Order: An order directing completion of a Joint Confirmation of Trial Readiness Report will be mailed to all parties approximately six (6) weeks before trial. **This order will contain deadline dates for the pretrial events listed in King County Local Rule 16:**

1) Settlement/Mediation/ADR Requirement;
2) Exchange of Exhibit Lists;
3) Date for Exhibits to be available for review;
4) Deadline for disclosure of witnesses;
5) Deadline for filing Joint Statement of Evidence;
6) Trial submissions, such as briefs, Joint Statement of Evidence, jury instructions;
7) voir dire questions, etc;
8) Use of depositions at trial;
9) Deadlines for nondispositive motions;
10) Deadline to submit exhibits and procedures to be followed with respect to exhibits;
11) Witnesses -- identity, number, testimony;

C. Joint Confirmation regarding Trial Readiness Report: No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment), etc. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff/petitioner's counsel is responsible for contacting the other parties regarding said report.

D. Settlement/Mediation/ADR:

**1) Forty five (45) days before the Trial Date,** counsel for plaintiff shall submit a written settlement demand. Ten (10) days after receiving plaintiff's written demand, counsel for defendant shall respond (with a counteroffer, if appropriate).

**2) Twenty eight (28) days before the Trial Date,** a settlement/mediation/ADR conference shall have been held. **FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.**

E. Trial: Trial is scheduled for 9:00 a.m. on the date on the *Schedule or as soon thereafter as convened by the court.* The Friday before trial, the parties should access the King County Superior Court website at www.metrokc.gov/kcsc to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

**MOTIONS PROCEDURES:**

**A. Noting of Motions**

**Dispositive Motions:** All Summary Judgment or other motions that dispose of the case in whole or in part will be heard with oral argument before the assigned judge. The moving party must arrange with the courts a date and time for the hearing, consistent with the court rules. King County Local Rule 7 and King County Local Rule 56 govern procedures for all summary judgment or other motions that dispose of the case in whole or in part. The local rules can be found at www.metrokc.gov/kcscc.

**Nondispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the *Note for Motion* should state "Without Oral Argument." King County Local Rule 7 governs these motions, which include discovery motions. The local rules can be found at www.metrokc.gov/kcscc.

Motions in Family Law Cases not involving children: Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions Calendar. King County Local Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.metrokc.gov/kcscc.

Emergency Motions: Emergency motions will be allowed only upon entry of an *Order Shortening Time*. However, emergency discovery disputes may be addressed by telephone call, and without written motion, if the judge approves.

Filing of Documents All original documents must be filed with the Clerk's Office. *The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.* The assigned judge's working copy must be delivered to his/her courtroom or to the judges' mailroom. Do not file working copies with the Motions Coordinator, except those motions to be heard on the Family Law Motions Calendar, in which case the working copies should be filed with the Family Law Motions Coordinator.

Original Proposed Order: Each of the parties must include in the working copy materials submitted on any motion an original proposed order sustaining his/her side of the argument. Should any party desire a copy of the order as signed and filed by the judge, a preaddressed, stamped envelope shall accompany the proposed order.

Presentation of Orders: All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department. Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. If final orders and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.

C. Form: Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PETITIONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.

**PRESIDING JUDGE**

Exhibit 3
Verification of State Court Records
Maikoiyo Alley-Barnes v. City of Seattle, et al.

1

Honorable John Erlick

2

**RECEIVED**

JUN 1 6 2006

3

STAFFORD FREY COOPER

4



5

6

7

SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

8

9   MAIKOIYO ALLEY-BARNES,

NO. 06-2-18363-1 SEA

Plaintiff,

10

v.

NOTICE OF APPEARANCE ON
BEHALF OF THE CITY OF
SEATTLE AND CHIEF GIL
KERLIKOWSKE

11   GREG W. SACKMAN, BRIAN M. HUNT,
KEVIN M. JONES, JOHN M. SMITHIES,

12   COURTNEY E. HARRIS, GIL
KERLIKOWSKE, individually and in his

**[CLERK'S ACTION REQUIRED]**

13   official capacity, and THE CITY OF
SEATTLE, a municipal corporation,

14   Defendants.

15   TO:        The Clerk of the Above-Entitled Court

16   AND TO:    All parties and their counsel of record

17          YOU, AND EACH OF YOU, WILL PLEASE TAKE NOTICE that defendants THE

CITY OF SEATTLE and CHIEF GIL KERLIKOSKE hereby appear in the above-entitled

18

action without waiving the questions of:

19

20        1.    Lack of jurisdiction over the subject matter;



21        2.    Lack of jurisdiction over the person;

22        3.    Improper venue;

23        4.    Insufficiency of process;

NOTICE OF APPEARANCE ON BEHALF OF THE CITY
OF SEATTLE AND CHIEF GIL KERLIKOWSKE- 1
3019-New  94187

**STAFFORD FREY COOPER**

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

Exhibit 4
Verification of State Court Records
Maikoiyo Alley-Barnes v. City of Seattle, et al.

.

*FILED*

*06 JUN -5 PM 2: 53*

*SUPERIOR COURT CLERK*
*SEATTLE, WA*

IN THE SUPERIOR COURT OF WASHINGTON
FOR KING COUNTY

MAJKOIYO ALLEY-BARNES,

               Plaintiff,

v.

GREG W. SACKMAN, BRIAN M. HUNT,
KEVIN M. JONES, JOHN M. SMITHIES,
COURTNEY E. HARRIS, GIL
KERLIKOWSKE, individually and in his
official capacity, and THE CITY OF
SEATTLE, a municipal corporation,
               Defendants.

**06 №2 - 18363 - 1 SEA**

DECLARATION OF SERVICE OF
SUMMONS AND COMPLAINT FOR
DAMAGES UPON THE CITY OF
SEATTLE

1.    The undersigned hereby declares:

That she is now and all times herein mentioned, a citizen of the United States and a

resident of the State of Washington;

That she is over the age of eighteen;

That she is not an officer of a plaintiff corporation;

That she is not a party to nor interested in the above-entitled action; and

That she is competent to be a witness therein.

2.    On the date and time of May 24, 2006 at 1:28 p.m. at the address of 600

Fourth Avenue, Suite 700, Seattle, within the County of King, State of Washington, the

declarant duly served the above-described documents upon the CITY OF SEATTLE by then

and there personally delivering 1 true and correct copy thereof, by then presenting to and

DECLARATION OF SERVICE OF
SUMMONS AND COMPLAINT UPON
THE CITY OF SEATTLE - 1



**Fred Diamondstone**
ATTORNEY AT LAW
710 Second Avenue, # 700
Seattle WA 98104
(206) 568-0082
(206) 568-1683 FAX

1  leaving the same with SHAREE PIERCE, authorized agent for the Mayor of the City of

2  Seattle.

3         3.      No information was provided that indicates that the subject served is a

4  member of the U.S. military

5

6         I hereby declare under penalty of perjury under the laws of the State of Washington
   that the foregoing is true and correct.

7

8         DATED this 24TH day of May, 2006 at Seattle, Washington

9

10                                          Alison Brill

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Fred Diamondstone**
ATTORNEY AT LAW
710 Second Avenue, # 700
Seattle WA 98104
(206) 568-0082
(206) 568-1683 FAX

FILED

06 JUN -5 PM 2: 53

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

IN THE SUPERIOR COURT OF WASHINGTON
FOR KING COUNTY

MAIKOIYO ALLEY-BARNES,

              Plaintiff,

      v.

GREG W. SACKMAN, BRIAN M. HUNT,
KEVIN M. JONES, JOHN M. SMITHIES,
COURTNEY E. HARRIS, GIL
KERLIKOWSKE, individually and in his
official capacity, and THE CITY OF
SEATTLE, a municipal corporation,
              Defendants.

NO. 06-2-18363-1 SEA

DECLARATION OF SERVICE OF
SUMMONS AND COMPLAINT FOR
DAMAGES UPON GIL
KERLIKOWSKE

1.    The undersigned hereby declares:

That she is now and all times herein mentioned, a citizen of the United States and a

resident of the State of Washington;

That she is over the age of eighteen;

That she is not an officer of a plaintiff corporation;

That she is not a party to nor interested in the above-entitled action; and

That she is competent to be a witness therein.

2.    On the date and time of May 24, 2006 at 1:35 p.m. at the address of 610 Fifth

Avenue, Seattle, within the County of King, State of Washington, the declarant duly served

the above-described documents upon GIL KERLIKOWSKE by then and there personally

ORIGINAL

DECLARATION OF SERVICE OF
SUMMONS AND COMPLAINT UPON
GIL KERLIKOWSKE - 1

**Fred Diamondstone**
ATTORNEY AT LAW
710 Second Avenue, # 700
Seattle WA 98104
(206) 568-0082
(206) 568-1683 FAX

1   delivering 1 true and correct copy thereof, by then presenting to and leaving the same with

2   OFFICER T. H. BRUCE, authorized agent for Gil Kerlikowske.

3        3.       No information was provided that indicates that the subject served is a

4   member of the U.S. military

5

6        I hereby declare under penalty of perjury under the laws of the State of Washington
    that the foregoing is true and correct.

7

    DATED this 26th day of May, 2006 at Seattle, Washington

8

9

10   _____
     Alison Brill

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF SERVICE OF
SUMMONS AND COMPLAINT UPON
GIL KERLIKOWSKE - 2

**Fred Diamondstone**
ATTORNEY AT LAW
710 Second Avenue, # 700
Seattle WA 98104
(206) 568-0082
(206) 568-1683 FAX

<u>Exhibit 5</u>
Verification of State Court Records
Maikoiyo Alley-Barnes v. City of Seattle, et al.



Hon John Erlick

RECEIVED

JUN 2 0 2006

STAFFORD FREY COOPER

IN THE SUPERIOR COURT OF WASHINGTON
FOR KING COUNTY

MAIKOIYO ALLEY-BARNES,

                Plaintiff,

          v.

GREG W. SACKMAN, BRIAN M. HUNT,
KEVIN M. JONES, JOHN M. SMITHIES,
COURTNEY E. HARRIS, GIL
KERLIKOWSKE, individually and in his
official capacity, and THE CITY OF
SEATTLE, a municipal corporation,

                Defendants.

NO. 06-2-18363-1 SEA

AMENDED COMPLAINT FOR
DAMAGES

Plaintiff Maikoiyo Alley-Barnes, through his attorney, Fred Diamondstone, alleges:

## I.  PARTIES

1.1.  Plaintiff.  Plaintiff Maikoiyo Alley-Barnes is a resident of Seattle, King
County, Washington.

1.2.  Defendant Greg M. Sackman.  Defendant Greg M. Sackman was employed by
the City of Seattle as a police officer at all times material to this case.  He is a resident of the
State of Washington.  All of his actions in this case were in the course and scope of his duties
as a Seattle police officer.  Defendant Sackman is sued in his individual capacity.

1.3.  Defendant Brian M. Hunt.  Defendant Brian M. Hunt was employed by the
City of Seattle as a police officer at all times material to this case.  He is a resident of the

**Fred Diamondstone**
ATTORNEY AT LAW
710 Second Avenue, # 700
Seattle WA 98104
(206) 568-0082
(206) 568-1683 FAX



1   State of Washington.  All of his actions in this case were in the course and scope of his duties

2   as a Seattle police officer.  Defendant Hunt is sued in his individual capacity.

3       1.4.   Defendant Kevin M. Jones.  Defendant Kevin M. Jones was employed by the

4   City of Seattle as a police officer at all times material to this case.  He is a resident of the

5   State of Washington.  All of his actions in this case were in the course and scope of his duties

6   as a Seattle police officer.  Defendant Jones is sued in his individual capacity.

7       1.5   Defendant John M. Smithies.  Defendant John M. Smithies was employed by

8   the City of Seattle as a police officer at all times material to this case.  He is a resident of the

9   State of Washington.  All of his actions in this case were in the course and scope of his duties

10   as a Seattle police officer.  Defendant Smithies is sued in his individual capacity.

11       1.6.   Defendant Courtney E. Harris.  Defendant Courtney E. Harris was employed

12   by the City of Seattle as a police officer at all times material to this case.  He is a resident of

13   the State of Washington.  All of his actions in this case were in the course and scope of his

14   duties as a Seattle police officer.  Defendant Harris is sued in his individual capacity.

15       1.7.   Defendant Gil Kerlikowske.  Defendant Gil Kerlikowske was employed by

16   the City of Seattle as the Chief of Police of the City of Seattle at all times material to this

17   case.  He is a resident of the State of Washington.  All of his actions in this case were in the

18   course and scope of his duties as Chief of Police of the City of Seattle.  Defendant

19   Kerlikowske is a policy-maker for the City of Seattle.  Defendant Kerlikowske is sued in his

20   individual and in his official capacity.

21       1.8.   Defendant City of Seattle.  Defendant City of Seattle is a municipal

22   corporation organized under the laws of the State of Washington.

23                    **II.      JURISDICTION AND VENUE**

24       2.1    Jurisdiction.  This Court has personal and subject matter jurisdiction.

25

26

**Fred Diamondstone**
ATTORNEY AT LAW
710 Second Avenue, # 700
Seattle WA 98104
(206) 568-0082
(206) 568-1683 FAX



2.2.   Claim for Damages. A Claim for Damages against the City of Seattle, and naming all individual defendants, was properly filed with the City Clerk on January 12, 2006. More than 60 days have elapsed since the Claim was filed.

2.3.   Venue. Venue is properly in King County Superior Court.

2.4.   Case Assignment Area. This case involves events which occurred in the City of Seattle and the case is properly assigned to the Seattle case assignment area.

### III.   FACTS

3.1   Facts. On April 13, 2005, as Plaintiff was leaving a club in the Capitol Hill neighborhood of Seattle, he and other members of his party encountered Seattle police Sergeant Greg M. Sackman. Sgt. Sackman had positioned himself near the entrance to the club and was surveilling the club entrance, the club interior and the doorman. As Mr. Alley-Barnes' party left, one individual, Thomas Gray, sought to engage Sgt. Sackman in a greeting, but Defendant Sackman was not receptive. Mr. Gray, Mr. Barnes and a third member of their party simply departed, but Mr. Gray dropped some item on the ground. In response to a statement from Sgt. Sackman, Mr. Gray picked up the item, but he was not permitted to leave the scene by Sgt. Sackman. Sgt. Sackman then undertook an "investigation" and ultimately charged Mr. Gray with the offense of littering, notwithstanding the fact that he had picked up the item following the Sergeant's comment. As the sergeant proceeded with his "investigation," Plaintiff Alley-Barnes calmly questioned Defendant Sackman. Plaintiff Alley-Barnes observed the littering investigation proceed from a short distance. Plaintiff did not threaten, nor interfere. Shortly thereafter, a second police vehicle arrived, apparently in response to a request for backup from Defendant Sackman. The second police vehicle was operated by Defendant Brian M. Hunt. At the time that Officer Hunt arrived, Defendant Sackman directed Mr. Gray to turn and place his hands on Sgt. Sackman's police vehicle. Upon Officer Hunt's arrival, Sgt. Sackman directed Defendant Hunt to "get that one, too," indicating Plaintiff. Defendant Hunt then immediately

**Fred Diamondstone**
ATTORNEY AT LAW
710 Second Avenue, # 700
Seattle WA 98104
(206) 568-0082
(206) 568-1683 FAX

1  grabbed with excessive force and assaulted Plaintiff. Defendant Hunt escalated the force

2  used and directly applied excessive and unreasonable physical force in a painful way to

3  Plaintiff's groin area and genitals. Soon thereafter, other police officers arrived and

4  Defendants Jones, Smithies and Harris all used excessive physical force and assaulted

5  Plaintiff Alley-Barnes. The excessive force inflicted substantial and visible injuries to

6  Plaintiff's head and face:



24  Plaintiff suffered other injuries, as well. After Plaintiff was taken into custody, one of the

25  arresting officers commented that the incident occurred as a result of Plaintiff's "mouth."

26

AMENDED COMPLAINT FOR
DAMAGES - 4

**Fred Diamondstone**
ATTORNEY AT LAW
710 Second Avenue, # 700
Seattle WA 98104
(206) 568-0082
(206) 568-1683 FAX

1    Yet the subsequent police investigation established that Plaintiff used a calm voice in his

2    dialogue with Sgt. Sackman.

3        3.2     Additional Facts.  Upon arrival at the East Precinct of the Seattle Police

4    Department, Defendant Hunt assaulted Plaintiff a second time by shoving him against a wall

5    in the vehicle sally port area.  A blood smear was left on the wall.

6        3.3     Charges and Acquittal.  As a cover-up for their use of excessive force,

7    Defendants Sackman, Hunt and Jones initiated the process of arresting and charging Plaintiff

8    for obstruction and assault.  These charges were initiated without merit or probable cause.

9        3.4     Prior Histories of Misconduct.  Defendants Sackman, Hunt and Jones had

10    previously been the subjects of other complaints of misconduct and Sgt. Sackman had

11    previously engaged in other reckless conduct which resulted in injury to another officer.

12        3.5     Failures to Train and Discipline.  Defendant Chief Kerlikowske has failed to

13    follow recommendations from Seattle police auditor, Katrina Pflaumer to train police officers

14    to prevent minor incidents from escalating into major confrontations as recommended by

15    police auditor Pflaumer in her reports covering the period January through September 2004

16    and October 2004 through March 2005.  Prior to Ms. Pflaumer's recommendations, the

17    previous auditor, former Judge Terrence Carroll, also suggested action be taken with respect

18    to police overreaction.  The failure of Defendant Kerlikowske to follow these repeated

19    recommendations, including recommended training for de-escalation techniques, represents a

20    policy decision by Defendants Kerlikowske and the City of Seattle to allow police officers

21    and first line supervisors to escalate minor incidents, such as Mr. Gray's littering incident,

22    into major police confrontations involving the use of force, which proximately caused the

23    Plaintiff's damages in this case.  Additionally, Defendant Kerlikowske has failed to follow

24    recommendations for discipline up the chain of command through the process of internal

25    investigation by the Office of Professional Accountability, which has also encouraged police

26

AMENDED COMPLAINT FOR
DAMAGES - 5

**Fred Diamondstone**
ATTORNEY AT LAW
710 Second Avenue, # 700
Seattle WA 98104
(206) 568-0082
(206) 568-1683 FAX

1    lawlessness.  These actions by Police Chief Kerlikowske are also customs, practices and
2    policies of the City of Seattle with respect to allowing a level of police brutality to occur.

3         3.6     <u>Dismissal of Charges Against Plaintiff</u>.  Ultimately, as a result of the failure
4    to provide exculpatory evidence by the City of Seattle and Seattle Police officials, together
5    with the presentation of testimony at trial which could not be controverted due to the
6    withholding of evidence by Seattle Police officials, including Seattle Police Legal Advisor
7    Leo Poort, the Seattle Municipal Court ultimately dismissed the assault and obstruction
8    charges against Plaintiff Alley-Barnes.

9         3.7     <u>Agency</u>.  The actions of Defendants Sackman, Hunt, Jones, Smithies, Harris
10    and Kerlikowske, as well as those City officials and employees who withheld evidence, were
11    all carried out by these individuals as employees of the City of Seattle, within the scope of
12    employment.  At all times Defendants Sackman, Hunt, Jones, Smithies, Harris and
13    Kerlikowske and the officials who withheld exculpatory evidence were acting as agents of
14    the City of Seattle.

15         3.8     <u>Injuries and Damages</u>.  As a proximate result of the facts alleged above,
16    Plaintiff suffered physical injuries from the beating, false arrest and incarceration during the
17    morning hours of April 13, 2005 and further damages including emotional distress and
18    attorneys' fees incurred to respond in court and obtain the dismissal of the charges.

19                  **IV.    CAUSES OF ACTION**

20         4.1     <u>First Cause of Action</u>.  Defendants Sackman, Hunt, Jones, Smithies, Harris
21    and the City of Seattle are liable to Plaintiff for the tort of assault.

22         4.2     <u>Second Cause of Action</u>.  Defendants Sackman, Hunt, Jones and the City of
23    Seattle are liable to Plaintiff for the tort of false arrest.

24         4.3     <u>Third Cause of Action</u>.  Defendant City of Seattle is liable to Plaintiff for the
25    tort of malicious prosecution.

26

**Fred Diamondstone**
ATTORNEY AT LAW
710 Second Avenue, # 700
Seattle WA 98104
(206) 568-0082
(206) 568-1683 FAX

1    4.4    <u>Negligent Training and Supervision</u>.  Defendants Kerlikowske and the City of

2  Seattle are liable for the damages which resulted due to their negligence in training and

3  supervising police officers, including but not limited to Defendants Sackman and Hunt.

4    4.5    <u>Civil Rights Violations</u>.  Defendants Sackman, Hunt, Jones, Smithies and

5  Harris are liable to Plaintiff for the violation of his civil rights proximately resulting from

6  excessive force in violation of the Fourth and Fourteenth Amendments and 42 USC Sec.

7  1983.

8    4.6    <u>Civil Rights Violations</u>.  Defendant Kerlikowske is liable to Plaintiff pursuant

9  to 42 USC Sec 1983 for the failure to adequately train and supervise and discipline police

10  officers, including Defendants Sackman and Hunt.  To the extent that Defendant

11  Kerlikowske's actions were with callous indifference or reckless disregard to the rights of

12  Plaintiff and similarly situated individuals, Defendant Kerlikowske is liable for punitive

13  damages.

14    4.7    <u>Civil Rights Violations</u>.  The City of Seattle is liable to Plaintiff for violation

15  of Plaintiff's civil rights to the extent that the failure to train, supervise and discipline police

16  officers is a policy, practice or custom of the City of Seattle.  42 USC Sec. 1983.

17    WHEREFORE,  Plaintiff prays for the following relief:

18    A.    Damages and punitive damages in an amount to be proven at trial.  Plaintiff

19  seeks punitive damages against all defendants other than the City of Seattle;

20    B.    Costs and reasonable attorney's fees; and

21    C.    Such other and further relief as the Court deems just and proper.

22    DATED this ___19___ day of June, 2006.

23                                LAW OFFICES OF FRED DIAMONDSTONE

24

25                                Fred Diamondstone, WSBA No. 7138
                                Attorney for Plaintiff
26

AMENDED COMPLAINT FOR
DAMAGES - 7

**Fred Diamondstone**
ATTORNEY AT LAW
710 Second Avenue, # 700
Seattle WA 98104
(206) 568-0082
(206) 568-1683 FAX

DECLARATION OF SERVICE

I, Alison Brill, hereby certify that I have served a true and correct copy of the foregoing *Amended Complaint for Damages* upon the individual(s) listed herein by the following means:

Ted Buck
Stafford Frey Cooper
1300 Two Union Square
601 Union Street
Seattle, WA 98101

☐ U.S. Mail (First Class)
☐ Facsimile
☐ Express Mail
☐ Hand Deliver
X Via ABC/LMI Legal
      Messenger Service for
      Service by 4:30 p.m. on
      6/20/06

I declare under the penalties of perjury of the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge.

SIGNED at Seattle, Washington, this 20 day of June , 2006.

Alison Brill
Legal Assistant to Fred Diamondstone

**Fred Diamondstone**
ATTORNEY AT LAW
710 Second Avenue, # 700
Seattle WA 98104
(206) 568-0082
(206) 568-1683 FAX

<u>Exhibit 6</u>
Verification of State Records
Maikioyo Alley-Barnes v. City of Seattle, et. al.

## LexisNexis· *CourtLink*·

### Welcome Suzy Windes!

My CourtLink   Search   Dockets & Documents   Track   Alert   Strategic Profiles   My Account

Search > Docket Search > Alley-Barnes VS Sackman et al - Civil

**Docket Tools**

| Get Updated Docket | Track Docket Activity | [Start New Search] | [Set Alert for Similar Dockets] |
|---|---|---|---|
| This docket was retrieved from the court on 6/19/2006 | CourtLink can alert you when there is new activity in this case | Start a new search based on the characteristics of this case | CourtLink alerts you when there are new cases that match characteristics of this case |

[Email th
[Printer f

Order Documents from CourtLink's nationwide document retrieval service.
- Or - Call 1.866.540.8818.

**Docket**

## Washington Superior Courts

### WA Superior - King

## 06-2-18363-1

### Alley-Barnes VS Sackman et al - Civil

**This case was retrieved from the court on Monday, June 19, 2006**

### Header

**Case Number:** 06-2-18363-1
**Date Filed:** 06/05/2006

[Summary][Names][Docket][Accounting][Judgments][Schedule]

### Summary

**Judge:** 51
**Cause/Class:** Personal Injury
**Judgment:** No
**Status:** Active     **Date:** 06/05/06

### Names

**Connection / Litigant Name**

Plaintiff #1

| 06/05/06 | Deadline to Transfer CT Proceedings | 11/27/06 |
| 06/05/06 | Status Conference | 11/27/06 |
| 06/05/06 | Disclosure Poss Primary Witnesses | 06/18/07 |
| 06/05/06 | Joint Status Report | |
| 06/05/06 | Disclosure Poss Rebuttal Witnesses | 07/30/07 |
| 06/05/06 | Deadline to File Jury Demand | 08/13/07 |
| 06/05/06 | Final Date to Change Trial | 08/13/07 |
| 06/05/06 | Discovery Cutoff | 10/01/07 |
| 06/05/06 | Exchange Witness/Exhibit Lists | 10/29/07 |
| 06/05/06 | Dispositive Pretrial Motions | 11/05/07 |
| 06/05/06 | Deadline to Comply With Adr | |
| 06/05/06 | Joint Statement of Evidence | 11/13/07 |
| 06/05/06 | Scheduled Trial Date | 11/19/07 |

New Docket Search     Search in Same Court

Pricing     Privacy     Master Services Agreement

Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Alley-Barnes, Maikoiyo
Defendant #1
Sackman, Greg W
Defendant #2
Hunt, Brian M
Defendant #3
Jones, Kevin M
Defendant #4
Smithies, John M
Defendant #5
Harris, Courtney E
Defendant #6
Kerlikowske, Gil
Defendant #7
Seattle City of
Attorney #1 - Plaintiff/Petitioner
Diamondstone, Fred
Bar# 07138

## Docket

| Sub # | Date | Description | Secondary |
|---|---|---|---|
| 1 | 06/05/06 | Summons & Complaint | |
| 2 | 06/05/06 | Set Case Schedule | 11/19/07ST |
| | | Judge John Erlick, Dept 51 | |
| 3 | 06/05/06 | Case Information Cover Sheet | |
| | | Original Location - Seattle | |
| 4 | 06/05/06 | Affidavit/Dclr/Cert of Service | |
| 5 | 06/05/06 | Affidavit/Dclr/Cert of Service | |

## Accounting

# No Information is Available for this case

## Judgments

# No Information is Available for this case

## Schedule

| Imposed | Event | Due | Complete |
|---|---|---|---|
| Track | Civil Track - Normal Effective: 06/05/2006 | | |
| 06/05/06 | Affidavit / Confirmation of Service | 07/03/06 | |
| 06/05/06 | Deadline to File Stmt Arbitrability | 11/13/06 | |
| 06/05/06 | Confirmation of Joinder | 11/13/06 | |